Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 4-257
Honolulu, HI 96850
Telephone: (808) 541-3133
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BLOOD BANK OF HAWAII and Does 1-5 Inclusive,<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT—ADA**<br>• **Disability Discrimination (Discharge)**<br>• **Denial of Reasonable Accommodation**<br><br>**JURY TRIAL DEMAND** |

1

## NATURE OF THE ACTION

This is an action under Title VI of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act ("ADAAA") of 2008 and Title I of the Civil rights Act of 1991, to correct unlawful employment practices. Plaintiff Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Blood Bank of Hawaii, terminated Jane Magaoay because of her disability rather than provide a reasonable accommodation in the form of extending her medical leave, and, further discriminated against a class of qualified individuals with disabilities by maintaining an inflexible 12-week maximum leave policy which did not provide for the interactive process to identify a reasonable accommodation in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 107(a) of the ADA, 42 U.S.C. §12117(a) (incorporating the powers, remedies, and procedures set forth in Sections 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5, into ADA enforcement actions).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

3.  The Commission is an agency of the United States of America, charged with the administration, interpretation and enforcement of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, A, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant Blood Bank of Hawaii has been a corporation doing business in the State of Hawaii, and has continuously had at least fifteen (15) employees.

5.  At all relevant times, Defendant Blood Bank of Hawaii has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.  At all relevant times, Defendant Blood Bank of Hawaii was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.  All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise.

Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

8. Plaintiff is ignorant of the true names and capacities of each Defendant sued as Does 1 through 5, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names. Plaintiff reserves the right to amend the complaint to name each Doe defendant individually or collectively as they become known. Plaintiff alleges that each Doe defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, Charging Party Jane Magaoay filed a charge of discrimination with the Commission alleging violations of ADA by Defendant.

9. On July 12, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated the

ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On July 31, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. Since at least 2015, Defendant Blood Bank of Hawaii has maintained an inflexible maximum leave policy which acts as a qualification standard, employment test, or other selection criteria that screens out or tends to screen out a class of individuals with a disability and is not job-related or consistent with business necessity, in violation of Sections 102(a) and102(b)(3)(A) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(3) and (b)(5)(A). Defendant Blood Bank of Hawaii further violated the ADA by prohibiting disabled employees from returning to work if they were not fully healed, a further violation of the ADA.

14. Each class member, including but not limited to Jane Magaoay, Kimberly Rottas, and Francis Kikuchi, is a qualified individual with a disability who could perform the essential duties of his or her job with or without a reasonable accommodation.

15. For example, in December 2012, Jane Magaoay began working for Defendant as a Laboratory Assistant. In December 2014, Jane Magaoay informed Defendant that she had been diagnosed with breast cancer and would require time off for treatment. Jane Magaoay's breast cancer substantially limited her normal cell growth. Ms. Magaoay also needed additional leave for chemotherapy and the recovery from the chemotherapy. In June 2015, Defendant informed Jane Magaoay that she had exceeded the Defendant's 12-week maximum leave policy and would be terminated if she did not provide medical documentation releasing her to return to work on full duty. On June 25, 2015, Jane Magaoay's medical provider sent documentation stating that Jane Magaoay could return to work after September 2015. Despite such documentation, Defendants discharged Jane Magaoay on June 27, 2017, because of her disability and failed to engage in an interactive process that could have enable Defendant to identify a reasonable accommodation.

16. Class member Kimberly Rottas began working for Defendant on May 30, 2014, as a Laboratory Assistant. On or about May 10, 2015, Ms. Rottas sought

leave for surgery related to her carpel tunnel syndrome. On June 3, 2015, Ms. Rottas received the first of a series of surgeries and was scheduled to return in December 2015 or January 2016 with some temporary restrictions while she healed from the last of the surgeries. However, on or around August 20, 2015, Kimberly Rottas received correspondence from Defendant demanding that she provide medical documentation clearing her to return to work by August 24, 2015, the last day of the 12 weeks of leave despite Ms. Rottas having requested additional leave as an accommodation until December 2015 or 2016. When Ms. Rottas received Defendant's letter demanding she return to work by August 24, 2015, she still suffered from a carpel tunnel syndrome which substantially limited the use of her hands and required surgeries to treat that condition. Thus, Ms. Rottas told Defendant that she still had pending surgeries but that she could come back and work with accommodations. Defendant responded by failed to engage in an interactive process to identify any reasonable accommodations and summarily discharged Kimberly Rottas on August 22, 2015 because of her disability.

17.   In February 2016, Francis Kikuchi requested medical leave from Defendant to treat a rotator cuff injury that substantially limited his movement of the right arm. Mr. Kikuchi had been working for Defendant as a Commercial Drivers License driver since October 10, 2012, responsible for loading supplies onto the Blood Mobiles, driving passenger vans, and dropping off other supplies

for Defendant. Mr. Kikuchi was scheduled for surgery on February 9, 2016 and requested leave until June 9, 2016 as reflected in his doctor's note. On or around April 2016, Defendant contacted Mr. Kikuchi to see if he could return to work on full duty prior to the end of his twelve weeks of leave under the FMLA, and notified Mr. Kikuchi that he should resign or otherwise face termination. Mr. Kikuchi's medical note stated that he was not to return to work until June 2016, so he was force to submit his resignation and Defendant discharged him on April 13, 2016. Mr. Kikuchi had to reapply for a different position. Thus on July 5, 2015, Mr. Kikuchi applied for a parking attendant position with Defendant and was subsequently hired as a parking attendant but was not permitted to return to work as a CDL driver resulting in a substantial loss of pay.

18. The effect of the practices complained of in paragraphs 13 to 17 above has been to deprive Charging Party and similarly aggrieved individuals of equal employment opportunities and otherwise adversely affects their status as employees because of their disability.

19. The unlawful employment practices complained of in paragraph 13 to 17 above were intentional and caused Charging Party and similarly aggrieved individuals to suffer emotional distress.

20. The unlawful employment practices complained of in paragraphs 13 to 17 above were done with malice or with reckless indifference to the federally

protected rights of Charging Party and similarly aggrieved individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate on the basis of disability;

B. Order Defendant to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of § 102(a) and (b), 42 U.S.C. § 12112(a) and (b);

C. Order Defendant to make Charging Party and similarly aggrieved individuals whole by providing compensation for past and future pecuniary losses, including appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

D. Order Defendant to make Charging Party and similarly aggrieved individuals whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

E.  Order each Defendant to pay Charging Party and similarly aggrieved individuals punitive damages for its intentional, malicious, and reckless conduct described above in an amount to be determined at trial;

F.  Award the Commission its costs of this action; and

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

///

///

///

///

///

///

///

///

///

///

///

///

///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 5, 2017          Respectfully Submitted

JAMES LEE,
Acting General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By: _____
ANNA Y. PARK,
Regional Attorney

SUE J. NOH,
Supervisory Trial Attorney

RUMDUOL VUONG,
Supervisory Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION